IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JERMAINE TAYLOR,** *Plaintiff,* v. **BIBB COUNTY JAIL,** *Defendant.* | **CIVIL ACTION NO. 5:20-cv-00026-TES-MSH** |

## ORDER OF DISMISSAL

Plaintiff Jermaine Taylor, who is currently confined at the Bibb County Detention Center in Macon, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 on behalf of himself and 18 other inmates without prepaying the Court's filing fee. [Doc. 1]; [Doc. 1-1 at p. 1]. Plaintiff Taylor seeks leave to proceed without prepayment of the fee. [Doc. 2].

A *pro se* plaintiff may not represent the interest of other prisoners. *See, e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* plaintiff, like Plaintiff Taylor, from representing the other inmates who are listed as plaintiffs in the attachment to the Complaint. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam)

(affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[1] *See also* [Doc. 1-1 at p. 1].

Moreover, under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners proceeding *in forma pauperis* may not join together as plaintiffs in a single lawsuit and pay only a single filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). Instead, each prisoner must file his own lawsuit and pay the full filing fee. *See id.* As the Eleventh Circuit Court of Appeals noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197–98.

Plaintiff and the other 18 inmates are therefore not permitted to proceed in an action together *in forma pauperis*. Given that it does not appear that their claims would be barred by the applicable statutes of limitations if they are required to refile their claims,[2] the Court **DISMISSES** this Complaint **without prejudice** and **TERMINATES** the pending Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] **as moot**. Each inmate, including Plaintiff Taylor, may each file their own

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] The Complaint asserts that the events described in it are ongoing. *See, e.g.*, [Doc. 1 at pp. 6–7].

<u>separate</u> complaint, in which each inmate may only assert claims that are personal to him. Each inmate, if he chooses to file his own separate complaint, should also either pay the $400.00 filing fee or submit a proper motion to proceed *in forma pauperis*.

**SO ORDERED**, this 30th day of January, 2020.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**